UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AILEEN BROWN, ET AL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-3427 |
| | § | |
| U S HOME CORPORATION, ET AL | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court once again is the Motion to Dismiss of Defendants U S Home Corporation and North American Title Corporation (together referred to as "U S Home"). In a prior order, the Court dismissed without prejudice Plaintiffs' claims against U S Home for violation of the Real Estate Settlement Procedure Act. 12 U.S. § 2601. The Court then invited additional briefing on U S Home's argument that Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") are defeated because Plaintiffs were *in pari delicto* with the alleged wrongdoers. U S Home's arguments were, in turn, based upon the recent decision in *Rogers v. McDorman*, 521 F.3d 381 (5th Cir. 2008).

After review of additional briefing from Plaintiffs and U S Home, and after further research, the Court concludes that U S Home's position is meritorious and Plaintiffs' RICO claims against U S Home must be dismissed.

I.    INTRODUCTION

The facts necessary to a resolution of the various Motions to Dismiss were summarized in The Court's order of June 11, 2008, and need not be repeated here. Plaintiffs claim injury from a

multi-party residential real estate fraud in Florida and have alleged RICO violations. U S Home contends that the Plaintiffs' Complaint sets forth their complicity in the fraud and, on that basis, the case should be dismissed as against U S Homes. This opinion is, therefore, focused on the legal doctrine referred to as *"in pari delicto."*

## II.   STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level,'" *Cavillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

## III.   DISCUSSION

The doctrine of *in pari delicto* is an old one. The familiar phrase "derives from the Latin, *in pari delicto potior est conditio defendentis*: 'In a case of equal or mutual fault . . . the position of the [defending] party . . . is the better one.'" *Rogers*, 521 F.3d at 384 (quoting *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 (1985) (quoting BLACK'S LAW DICTIONARY 711 (5th ed. 1979)).

Before *Rogers*, however, there was no authority in the Fifth Circuit as to whether *in pari delicto* was a valid defense to a RICO claim, since the statutory language itself is silent. In considering the proper interpretation of this silence, the Court of Appeals noted that, although the

civil RICO statute does not provide for a statute of limitations, the Supreme Court has held that civil RICO claims are subject to a four-year statute of limitations.[1] Likewise, the Supreme Court has suggested that a civil RICO plaintiff may be able to invoke the equitable doctrine of tolling.[2] The Court of Appeals also found corroboration of its conclusion in the opinion of the Eleventh Circuit in *Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152-56 (11th Cir.), *cert. denied, Laddin v. Reliance Trust Co.*, 127 S.Ct. 45 (2006).

In *Rogers*, the Court of Appeals was considering a suit by former directors of a bank against a bank customer, his wife, officers of the bank, and the customer's related business entities. The alleged RICO conduct was a check kiting scheme. A jury had found that the plaintiff directors had known of, and authorized, the scheme and the district court denied them any recovery. The Court of Appeals specifically rejected the plaintiff directors' appellate argument that the district court had failed to make a case-specific analysis of whether allowing the *in pari delicto* defense would interfere with the effective enforcement of RICO. *Rogers*, 521 F.3d at 390-91. The Court quoted the Eleventh Circuit in saying that it would be "anomalous, to say the least, for the RICO statute to make racketeering unlawful in one provision, yet award the violator with treble damages in another provision of the same statute." *Official Comm.*, 437 F.3d at 1155 (quoted in *Rogers*, 521 F.3d at 389).

Plaintiffs here strenuously deny that they were anything other than victims of the alleged real estate fraud. Their denial, however, is impossible to reconcile with their Complaint. According to it, Plaintiffs agreed to participate in a "can't lose" investment scheme. Plaintiffs were promised that, if they purchased certain properties owned by U S Home, each Plaintiff would receive

---

[1] *Rogers*, 521 F.3d at 387 (citing *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143 (1987)).

[2] *Rogers*, 521 F.3d at 387-88 (citing *Rotella v. Wood*, 528 U.S. 549, 560-61 (2000)).

3

> an immediate cash return on their investment at closing which would range from $10,000 to $40,000. Thereafter, the properties would be held for a period not to exceed one year when [certain of the other defendants or a third party] would purchase the properties for a profit of at least another $100,000 to each of the Plaintiffs. Plaintiffs were promised that they would have to make not out of pocket closing costs or down payments in the purchase of the properties. Likewise, Plaintiffs were promised that all monthly mortgage payments, taxes, insurance and maintenance fees would be paid by [Defendants or their proxies].

Complaint at ¶ 40.

It is impossible to read these allegations and draw any inference other than that Plaintiffs were aware that they participating in wrongdoing: in one year, Plaintiffs were to reap "profits" of more than $100,000 on a real estate investment for which they had paid no closing costs, no down payment, no mortgage payments, no tax payments, no insurance payments, and no maintenance fees. If there is an explanation of these allegations that would justify an inference other than one of *in pari delicto* conduct by the Plaintiffs, it is nowhere to be found in the Complaint. And, to reiterate, in considering a motion to dismiss, the Court is to construe the complaint's factual allegations on the assumption that they are true. *See* Part II, above.[3]

## IV.   CONCLUSION

On the basis of the Court of Appeals' well-considered opinion in *Rogers,* and because Plaintiffs were *in pari delicto* with the alleged proponents of the alleged real estate fraud, they have failed to state a claim under RICO. U S Home's Motion to Dismiss Plaintiff's RICO claims

---

[3] It may be true that Defendants were more culpable than Plaintiff. This was also true in *Rogers,* however, and the Court nonetheless held that the *in pari delicto* defense barred recovery by plaintiffs.

is **GRANTED,** all of Plaintiffs' claims against U.S. Home are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** this 30th day of June, 2008.

                                      KEITH P. ELLISON
                                      UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT